UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12557-GAO

PATRIOT INSURANCE COMPANY, a/s/o Ansley Dunbar,
Plaintiff,

v.

SUSAN INGHAM and WILLIAM INGHAM,
Defendants.

OPINION AND ORDER
October 22, 2019

O'TOOLE, D.J.

Plaintiff Patriot Insurance Company filed this action against defendants Susan Ingham and William Ingham as subrogee of its insured, Ansley Dunbar. The matter arises out of a motor vehicle accident on January 6, 2016. A vehicle driven by Susan and owned by William struck a vehicle driven by Dunbar. The vehicle driven by Dunbar was covered by a Patriot insurance policy. Patriot's complaint alleges that Susan's negligence and William's negligent entrustment was a direct and proximate cause of the injuries Dunbar sustained as a result of the motor vehicle accident. Patriot has made payments to or on behalf of Dunbar as a result of the injuries Dunbar sustained, and anticipates making additional payments.

Now pending before this Court is Progressive Direct Insurance Company's motion to intervene as of right or by permission of the court pursuant to Federal Rules of Civil Procedure 24(a) and 24(b). Progressive insured the vehicle driven by Susan and owned by William at the time of the accident. Progressive is seeking intervention "for the purpose of securing a coverage determination as to the limits available under Progressive's policy of insurance in the instant

under-insured motorist subrogation action." (Progressive Direct Ins. Co.'s Mot. to Intervene 1 (dkt. no. 11)).)

Progressive first argues it is entitled to intervention as of right under Rule 24(a)(2). A party seeking to intervene as of right must demonstrate an "interest relating to the property or transaction that forms the basis of the ongoing action." Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998). The interest must be direct and not contingent. See Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989). Here, Progressive is defending William and Susan Ingham under a reservation of rights to disclaim and/or void coverage under the policy. Because its insureds' liability for Dunbar's injury has yet to be determined, Progressive's interest is at this point contingent, and accordingly Rule 24(a)(2)'s requirement for intervention as of right is not met. See id.

Progressive argues in the alternative that it be permitted to intervene pursuant to Rule 24(b)(1)(B). "On timely motion, the court may permit anyone who . . . has a claim or defense that shares with the main action a common question of law or fact" to intervene. Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "The discretion afforded to the district court under Rule 24, substantial in any event, is even broader when the issue is one of permissive intervention." R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 11 (1st Cir. 2009). Additionally, "permissive intervention ordinarily must be supported by independent jurisdictional grounds." Int'l Paper Co. v. Inhabitants of Jay, Me., 887 F.2d 338, 346 (1st Cir. 1989) (quotations and citation omitted).

Progressive's proposed complaint (dkt. no. 12-1) asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and alternatively ancillary jurisdiction because of the

underlying subrogation action. However, Progressive characterizes its potential participation as that of a plaintiff-intervenor, and this implicates 28 U.S.C. § 1367(b) which strictly limits supplemental jurisdiction in certain cases that would otherwise be allowed under 28 U.S.C. § 1367(a).

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). Progressive's claim therefore "must meet all requirements for diversity jurisdiction." Glob. NAPs, Inc. v. Verizon New Eng. Inc., 603 F.3d 71, 87 n.20 (1st Cir. 2010). While Progressive's intervention would not destroy complete diversity, its claim does not meet the amount in controversy requirement of § 1332. Progressive's proposed complaint asserts that the matter in controversy exceeds the sum or value of $75,000, but at the status conference recently held, Progressive acknowledged that its indemnification exposure is limited to only $20,000. Its claim does not exceed the jurisdictional limit for diversity jurisdiction, as required by § 1367(b).

Furthermore, the denial of intervention will not cause Progressive significant prejudice, as Progressive has an adequate alternative remedy. Progressive may bring a separate action for a declaratory judgment. See R & G Mortg., 584 F.3d at 10 ("The availability of an adequate alternative remedy softens any plausible claim of prejudice."). Progressive's request for a stay in the instant action to allow it to file its declaratory judgment action is also denied.

For the reasons stated, Progressive's Motion to Intervene (dkt. no. 11) is DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
Senior United States District Judge