UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12557-GAO

PATRIOT INSURANCE COMPANY a/s/o Ansley Dunbar,
Plaintiff,

v.

SUSAN INGHAM and WILLIAM INGHAM,
Defendants.

OPINION AND ORDER
March 15, 2021

O'TOOLE, S.D.J.

Plaintiff Patriot Insurance Company filed this action against defendants Susan Ingham and William Ingham as subrogree of its insured, Ansley Dunbar. The matter arises out of a motor vehicle accident on January 6, 2016. A Chevrolet Suburban owned by Mr. Ingham and driven by Ms. Ingham struck a vehicle driven by Dunbar. Mr. Ingham is Ms. Ingham's father-in-law. The vehicle driven by Dunbar was covered by a Patriot insurance policy which provided uninsured/underinsured coverage. Patriot's complaint alleges that Ms. Ingham's negligence and Mr. Ingham's negligent entrustment of the vehicle to her were direct and proximate causes of the injuries Dunbar sustained as a result of the motor vehicle accident. Now pending before this Court is Mr. Ingham's motion for summary judgment on the claim of negligent entrustment against Mr. Ingham (Count II) (dkt. no 37).

The following facts are not disputed unless otherwise noted: The accident occurred when Susan Ingham entered an intersection from a side road to make a left turn on Dascomb Road in Andover and was in a collision with Dunbar's vehicle which was traveling on Dascomb Road. The

complaint alleges in substance that Ms. Ingham failed to yield the right of way to Dunbar. Ms. Ingham was cited by police for failure to yield the right of way.

In the count directed against Mr. Ingham, the complaint alleges that Ms. Ingham had been in a number of accidents prior to the accident with Dunbar and had received motor vehicle citations as a result. Mr. Ingham testified in deposition that he was aware of at least "two or three" accidents that Ms. Ingham was involved in when she was driving the Suburban. On more than one occasion, he told Ms. Ingham the Suburban was "too big for her."

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate an "absence of evidence to support the nonmoving party's case." Barbour v. Dynamics Rsch. Corp., 63 F.3d 32, 37 (1st Cir. 1995) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). A genuine issue of material fact exists where evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). At this stage, the Court must view evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993).

Massachusetts law applies here. In negligence cases, summary judgment is rarely appropriate because negligence is customarily a question of fact. See Goulart v. Canton Hous. Auth., 783 N.E.2d 864, 865 (Mass. App. Ct. 2003). Under Massachusetts law, there are three elements to negligent entrustment: (1) the owner of a vehicle entrusted it to an incompetent or unfit person whose incompetence or unfitness was the cause of the plaintiff's injuries; (2) the owner gave specific or general permission to the operator to drive the vehicle; and (3) the owner had

actual knowledge of incompetence or unfitness of the operator to drive the vehicle. Picard v. Thomas, 802 N.E.2d 581, 587 (Mass. App. Ct. 2004).

The defendant argues Patriot has no reasonable expectation of proving the essential elements of negligent entrustment. A poor driving record along with a sufficient pattern of negligence, recklessness or lawlessness can be used to infer the incompetency of a driver. See Mitchell v. Hastings & Koch Enters., 647 N.E.2d 78, 82 (Mass. App. Ct. 1995); O'Leary v. Fox, No. 12-P-1658, 2013 WL 5941459, at *3–*4 (Mass. App. Ct. Nov. 7, 2013). Mr. Ingham argues Ms. Ingham's driving history does not rise to the level of unfitness displayed by the operators in reported cases, and therefore, Patriot will be unable to meet its burden of showing Ms. Ingham was an unfit driver. Mr. Ingham asserts that most of the accidents Ms. Ingham has been involved in have been minor with minimum damage, except one. Patriot argues Ms. Ingham's driving record sufficiently displays a pattern of negligence that creates a genuine dispute of material fact regarding whether she was an unfit driver. See Peters v. Haymarket Leasing, Inc., 835 N.E.2d 628, 633 (Mass. App. Ct. 2005) (finding that evidence of "two automobile accidents and two moving violations" was sufficient to create a genuine issue of material fact on whether driver was unfit, rendering summary judgment improper); see also Leone v. Doran, 292 N.E.2d 19, 29 (Mass. 1973), partially vacated on other grounds, 297 N.E.2d 493 (Mass. 1973) (recognizing that a pattern of prior negligence by a driver could warrant an inference that the operator was incompetent).

This Court agrees with Patriot. There are issues of material fact genuinely in dispute. Mr. Ingham's Motion for Summary Judgment on Count II is DENIED.

It is SO ORDERED.

                                                        /s/ George A. O'Toole, Jr.
                                                        Senior United States District Judge